**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CENTURY 21 REAL ESTATE, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>GATEWAY REALTY, INC. d/b/a/ Century 21 Gateway Realty, Inc., JAY V. SMITH, and JAN FERRELL,<br><br>                              Defendants. | Civ. No. 10-5012 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

GORDON & REESE LLP
by: Ronald A. Giller, Esq.
    Elior D. Shiloh, Esq.
18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932

   *Attorneys for Plaintiff,*

COUGHLIN DUFFY LLP
by: Vincent E. Reilly, Esq.
    Amanda K. Coates, Esq.
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 17962

   *Attorneys for Defendants.*

**DEBEVOISE, Senior District Judge**

This matter arises out of the alleged breach of a franchise agreement. On August 3, 2010, Plaintiff Century 21 Real Estate, LLC ("Century 21") filed a Complaint against Defendants Gateway Realty, Inc. ("Gateway"), Jay V. Smith, and Jan Ferrell in the Law Division of the New Jersey Superior Court, Morris County alleging that (1) Gateway breached the terms and conditions of an October 8, 2002 Franchise Agreement, and (2) Mr. Smith and Ms. Ferrell breached the Guaranty associated with the Franchise Agreement. The Complaint also seeks recovery of fees allegedly owed to Century 21 in connection with Gateway's real estate brokerage business as a Century 21 franchise.

Defendants now move to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and improper venue under Federal Rule of Civil Procedure 12(b)(3). In the alternative, Defendants move to transfer venue to a Louisiana federal court pursuant to 28 U.S.C. § 1404(a).

For the reasons set forth below, Defendants' motion is denied. This Court has personal jurisdiction over Defendants pursuant to a forum selection clause in the Franchise Agreement. Venue is also proper under that clause. Finally, New Jersey, not Louisiana, is the proper forum in which to resolve this case because, in addition to the forum selection clause, the private and public interest factors taken into account when deciding a Motion to Transfer weigh in favor of proceeding in New Jersey.

## I. BACKGROUND

Gateway operates a Century 21 real estate brokerage office in Lafayette, Louisiana pursuant to a Franchise Agreement. Jay V. Smith and Jan Ferrell executed the Franchise Agreement as shareholders of Gateway.[1] They also executed a "Guarantee of Payment and

---

[1] Mr. Smith and Ms. Ferrell currently own Gateway. Jack V. Smith, a prior owner and signatory on the most recent Franchise Agreement, passed away at the outset of this litigation.

Performance" (the "Guaranty") to ensure that Gateway meets its obligations under the Franchise Agreement. The Guaranty provides that:

> Each Guarantor does hereby, jointly and severally, to the extent herein provided, guaranty to CENTURY 21 the prompt payment and performance, when due of all obligations of Franchisee under that certain Franchise Agreement bearing even date hereof, including any renewal, replacement or modification of said Franchise Agreement, and any other Franchise Agreement or other Agreement now existing or hereafter entered into between Franchisee and CENTURY 21.
>
> (Pl.'s Br. Opp'n Mot. Dismiss, Affidavit of Elior D. Shiloh ("Shiloh Aff."), Ex. B.))

The parties first entered into the Franchise Agreement in 1977, and, since then, have renewed it in successive five-year terms.[2] Each renewal of the Agreement contains a forum selection clause stating the following:

> This Agreement shall be construed according to the laws of the State of New Jersey . . . Franchisee consents to the non-exclusive personal jurisdiction of the New Jersey state courts situated in Morris County and the United States District Court for the District of New Jersey. Franchisee waives objection to venue in any such courts.
>
> (Shiloh Aff., Ex. 3.)

In the fall of 1997, Gateway's counsel, one of its owners, and representatives of Century 21 were in the process of negotiating the renewal of the 1992 Franchise Agreement. During the course of these negotiations, the parties discussed the possibility of modifying the forum selection clause. Ultimately, however, Century 21 told Defendants that it did not want to modify the clause and that they would have to agree to it in order to renew the Franchise Agreement. Thus, Defendants agreed to the clause and the Agreement was renewed.

The forum selection clause continued to govern Franchise Agreement until October 8, 2007 when the Agreement expired. However, just a few weeks later, the parties renewed the

---

[2] The parties officially renewed the Franchise Agreement in 1982, 1987, 1992, 1997, and 2002.

3

Franchise Agreement pursuant to a document entitled "Term Extension Addendum to Franchise Agreement" (the "2008 Term Extension"), which extended the expiration date of the Franchise Agreement to October 7, 2017.  Section 2 of the 2008 Term Extension states that "[e]xcept as expressly stated in this Addendum, no further additions, modifications or deletions to the [Franchise] Agreement are intended by the parties or made by this Agreement."  (Shiloh Aff., Ex. 8.)  Section 1A of the document further indicates the parties' intent to continue operating under the terms of the Franchise Agreement: "Other than as modified by this Addendum, the [Franchise] Agreement shall continue in full force and effect."  (Id.)

On August 3, 2010, Century 21 filed a Complaint against Defendants in the Law Division of the New Jersey Superior Court, Morris County alleging that Defendants breached the terms of the Franchise Agreement "by failing to pay amounts due and failing to report and pay on closed transactions," (Compl. ¶ 17), and asserting causes of action for breach of contract, accounting, and unjust enrichment.  On September 29, 2010, Defendants removed the action to this Court.

## II.  DISCUSSION

Defendants now move to dismiss Century 21's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) or, in the alternative, to transfer venue to a Louisiana federal court pursuant to 28 U.S.C. § 1404(a).  In doing so, they argue that the Court lacks personal jurisdiction over them because (1) the forum selection clause expired and therefore is no longer enforceable against Gateway; (2) the forum selection clause was never enforceable against Mr. Smith and Ms. Ferrell as individual guarantors; and (3) the forum selection clause is unenforceable in general because it violates New Jersey Public Policy and is otherwise

4

inconvenient and unreasonable.[3] Defendants further argue that New Jersey is an improper venue, or in the alternative, that this case should be transferred to Louisiana because (1) Century 21's claims arose in Louisiana; (2) Defendants reside in Louisiana; (3) Gateway's books and records are located in Louisiana; and (4) Louisiana has a substantial interest in resolving this case.

Century 21 argues that the Court has personal jurisdiction over Defendants because the forum selection clause (1) is enforceable against all Defendants and still in effect by virtue of the 2008 Term Extension; and (2) is neither against New Jersey Public Policy nor otherwise inconvenient or unreasonable. Century 21 also argues that New Jersey is a proper venue under the forum selection clause and because a substantial portion of the events giving rise to this case occurred there. Finally, it maintains that this case should not be transferred to Louisiana because the balance of conveniences and interests of justice favor New Jersey as the forum in which to resolve it.

### A. Motion to Dismiss for Lack of Personal Jurisdiction

Unlike some jurisdictional bars, parties may waive the ability to object to personal jurisdiction in one or more given fora. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703-04 (1982). As the United States Supreme Court stated over forty-six years ago, "it is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." National Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 316 (1964). Such waiver is a manifestation of the principle that personal jurisdiction is a legal right protecting the individual, not a limitation on the power of the Court. Compagnie de Bauxites, 456 U.S. at 704.

---

[3] Defendants also argue that the Court lacks personal jurisdiction over them outside of the forum selection clause. However, the Court need not reach that issue because, as discussed fully below, it has personal jurisdiction over them under that clause.

5

In this case, Defendants waived their right to object to personal jurisdiction in this Court under the forum selection clause in the Franchise Agreement. However, they assert a number of arguments against enforcing that clause that will be taken in turn.

### i.     *Enforceability of Forum Selection Clause against Gateway*

Defendants argue that the forum selection clause is unenforceable against Gateway because it expired along with the Franchise Agreement on October 8, 2007, and this case arises out of "monies due after" that date. (Def.'s Br. Supp. Mot. Dismiss 2.) Century 21 maintains that the forum selection clause is still in force, along with the rest of the Franchise Agreement, pursuant to the 2008 Term Extension.

"The polestar of contractual interpretation is the intent of the parties" and "[t]he starting point in ascertaining that intent is the language of the contract." Communications Workers of America, Local 1087 v. Monmouth County Bd. of Soc. Services, 96 N.J. 442, 452 (1984) (citations omitted). "An ambiguity in a contract exists if the terms of the contract are susceptible to at least two reasonable alternative interpretations." M.J. Paquet, Inc. v. New Jersey Dept. of Transp., 171 N.J. 378, 794 A.2d 141, 152 (2002) (citation omitted).

Here, the unambiguous language of the 2008 Term Extension indicates the parties' intent to be bound by the terms of the Franchise Agreement until October 7, 2017, "[o]ther than as modified" by the Term Extension. (Shiloh Aff., Ex. 8.) Because the 2008 Term Extension does not in any way modify the Franchise Agreement's forum selection clause, there can be no doubt that Gateway is bound by that clause.

In their reply brief, Defendants argue that the forum selection clause ceased to apply to Gateway once it defaulted on the Franchise Agreement because the 2008 Term Extension provides that "[i]n in the event that Franchisee is in default under the Agreement and Franchisee

6

fails to timely cure such default after notice from Franchisor . . . [the Term Extension] becomes null and void." (Shiloh Aff., Ex. 8.) This argument borders on the absurd and Defendants cite no authority to support it. Indeed, by its logic, Gateway can avoid all obligations under the Franchise Agreement simply by defaulting on it.

### ii.   *Enforceability of Forum Selection Clause against Mr. Smith and Ms. Ferrell*

Defendants argue that the forum selection clause cannot be enforced against Mr. Smith and Ms. Ferrell because the clause "on its face applies to the Franchisee [Gateway] only, not Smith or Ferrell as guarantors." (Def.'s Br. Supp. Mot. Dismiss 2.) Century 21 counters that the forum selection applies to Mr. Smith and Ms. Ferrell because (1) the Guaranty is a part of the overall Franchise Agreement between Century 21 and Gateway, and (2) both documents were executed by Mr. Smith and Ms. Ferrell contemporaneously.

"A basic principle of contract interpretation is to read the document as a whole in a fair and common sense manner." Hardy ex. rel. Dowdell v. Abdul-Matin, 198 N.J. 95, 103 (2009). A contract "should not be interpreted to render one of its terms meaningless." Cumberland County Improvement Auth. v. GSP Recycling Co. Inc., 358 N.J. Super. 484, 497 (App.Div.), certif. denied, 177 N.J. 222 (2003). Therefore, "[l]iteralism must give way to context." Id. (quoting Borough of Princeton v. Bd. of Chosen Freeholders of County of Mercer, 333 N.J. Super. 310, 325 (App.Div.2000), aff'd, 169 N.J. 135 (2001)).

Century 21's reliance on Ameritrust Co. Nat'l Ass'n v. Chanslor, 803 F. Supp. 893 (S.D.N.Y. 1992) and Hardee's Food Systems, Inc., No. 05-917, 2005 WL 2333897 (E.D. Mo. Sept. 22, 2005) is well placed. In Ameritrust, a trustee of a revocable trust was solicited to invest in a limited partnership. 803 F. Supp. at 895. To do so, he executed investor notes—which had a forum selection clause—in his capacity as a trustee for the trust. Id. He also executed a

guaranty in his personal capacity—which did not have such a clause—in order to ensure payments from the trust under the terms of the notes. Id. The court ruled that it had personal jurisdiction over the trustee because although "the language of the Guarantee [did] not explicitly bind the Guarantor to the Trust's promise to submit to New York jurisdiction . . . the documents were executed together . . . [and therefore] should be interpreted the same way." Id. The court found this to be "especially true when the guarantee refers to the contract whose performance is guaranteed." Id.

     Similarly, in the context of a franchise agreement, the Hardees court rejected the argument that it lacked personal jurisdiction over guarantors of a franchise agreement pursuant to a forum selection clause in that agreement because that clause explicitly bound the franchisee, but not the guarantors in their personal capacity. 2005 WL 2333897, at *1-2. In doing so, the court noted that the guarantee specifically provided that the guarantors "agree personally to be bound by each and every provision in the Master Franchise Agreement," Id. at *1, and, as a result, found that "[t]he the interpretation of the Guarantee to include defendants' consent to personal jurisdiction and venue in the specified fora is the interpretation most reasonable and cohesive when the Master Franchise Agreement and Guarantee are considered as a whole." Id. at *2.

     Here, Mr. Smith and Ms. Ferrell executed both the Franchise Agreement and Guarantee on October 8, 2002. Moreover, the Guaranty explicitly states that Ms. Smith and Ms. Ferrell "guaranty to CENTURY 21 the prompt payment and performance, when due of *all obligations of Franchisee under that certain Franchise Agreement*." (Shiloh Aff., Ex. B) (emphasis added). Thus, as in Ameritrust and Hardee's, literalism must give way to context. While the Guaranty does not explicitly reiterate or incorporate the forum selection clause stated in the Franchise

Agreement, a common sense reading of both documents indicates that the forum selection clause applies to both Gateway and its guarantors.

Defendants nonetheless contend that the Guaranty should not be read in conjunction with the Franchise Agreement because even though the Franchise Agreement and Guaranty were executed contemporaneously in 2002, "no guaranty was executed . . . with the 2008 Term Extension." (Def.'s Reply Br. Supp. Mot. Dismiss 4.)  This contention misses the mark.  The plain language of the Guaranty states that it applies to the "Franchise Agreement . . . including any renewal, replacement or modification of said Franchise Agreement, and any other Franchise Agreement or other Agreement now existing or hereafter entered into between Franchisee and CENTURY 21."  (Shiloh Aff., Ex. B.)  Therefore, the Guaranty clearly applies to the 2008 Term Extension, which modified and extended the expiration date of the Franchise Agreement.  As a result Mr. Smith and Ms. Ferrell are bound by the forum selection clause in the Franchise Agreement.

### iii.     *Enforceability of the Forum Selection Clause in General*

Federal law is applied when determining the effect of forum selection clauses because questions of jurisdiction, venue, and the enforcement of forum selection clauses "are essentially procedural, rather than substantive, in nature."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) (quoting Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990)).

Thus, under federal law, it is well settled that forum selection clauses are entitled to great weight and are presumptively valid.  Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11 (1972)), overruled on other grounds by Lauro Lines v. Chasser, 490 U.S. 495 (1989).  This presumption may be rebutted by the party objecting to its enforcement by strong showing "(1)

that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Id.; Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991).

    1. Fraud or Overreaching

In their reply brief, Defendants allege that "Gateway tried and was rebuffed in its attempt to alter the jurisdictional and forum selection clause. . . . [and that] the clear, unequal bargaining power of these parties demonstrates how Gateway was and continues to be bullied." (Def.'s Reply Br. Supp. Mot. Dismiss 5-6.)  On that basis, they contend that "Century 21 demonstrated an overweening bargaining position that justifies non-enforcement of the jurisdictional and forum selection clause." (Def.'s Reply Br. Supp. Mot. Dismiss 6.)

The record does not detail any facts or circumstances tending to show bullying or unequal bargaining power.  Defendants allege that the forum selection clause was "non-negotiable," which somehow left them no choice but to accept it as part of the Franchise Agreement. However, the record indicates that the parties did, in fact, discuss the possibility of modifying the forum selection clause, but that Century 21 ultimately decided that it would not agree to a modification.  See (Affidavit of Marc Fischman in Support of Century Pl.'s Opp'n Mot. Dismiss, 3-4); (Shiloh Aff., Ex. 4.)  Moreover, even if there had not been negotiations over the clause, that itself would not be a basis for challenging its validity.  Foster, 933 F.2d at 1219 (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590-93 (1991)).  Therefore, there is no basis on which to find that the forum selection clause was the product of fraud or overreaching.

    2. New Jersey Public Policy

10

Defendants set forth the rather bizarre contention that enforcement of the forum selection clause would violate New Jersey public policy under the New Jersey Franchise Practices Act ("NJFPA"), because "[a]lthough Gateway is not subject to the NJFPA, forcing Gateway to litigate this matter in New Jersey would violate New Jersey public policy and inhibit Gateway's rights under the law." (Def.'s Br. Supp. Mot. Dismiss 4.)

In contrast to the general rule that forum selection clauses are presumptively valid, "in cases governed by the New Jersey Franchise Practices Act, forum selection clauses requiring suit outside this state [are] subject to a rebuttable presumption of invalidity." Park Inn Int'l, L.L.C. v. Moody Enters., 105 F. Supp. 2d 370, 375 (D.N.J. 2000) (citing Kubis & Perszyk Assocs. v. Sun Microsysems, Inc., 146 N.J. 176, 186-93 (1996)).  As Defendants admit, "non-New Jersey Franchisees [such as Gateway] cannot benefit from the NJFPA."  (Def.'s Reply Br. Supp. Mot. Dismiss 5.); see also N.J.S.A. 56:10-4.  However, they set forth the vague contention that "the public policy expressed by New Jersey courts with respect to franchise relationships and forum selection clauses is still relevant to this matter."  (Def.'s Reply Br. Supp. Mot. Dismiss 5.)

The NJFPA was enacted, in pertinent part, to "ensure[] that New Jersey franchisees have the benefit of a local forum. Park Inn Int'l, 105 F. Supp. 2d at 374 (citing Kubis, 146 N.J. at 194).  Thus, to extend the "presumption of invalidity to an out-of-state franchisee's agreement to litigate in this state would have no basis in New Jersey public policy, would not further the purpose of the statute, and would be unwarranted." Id.  Defendants give the Court no reason to find otherwise in this case.

      3.   Convenience of Litigation in New Jersey

11

Defendants further argue that enforcement of the forum selection clause would be unreasonable under the circumstances of this case because "Century 21 is a national franchisor whereas the Defendants are all tied to Louisiana."[4] (Def.'s Br. Supp. Mot. Dismiss 4.)

In order to show that an otherwise valid forum selection clause should not be enforced because it would be unreasonable, the party opposing enforcement bears "a heavy burden of showing not only that the balance of convenience is strongly in favor of [a different forum] but also that [resolution in the selected forum] will be so manifestly and gravely inconvenient to [it] that it will be effectively deprived of a meaningful day in court." Zapata Off-Shore Co., 407 U.S. at 19.

As discussed below in Point C regarding Defendants' Motion to Transfer, the balance of convenience does not strongly favor Louisiana over New Jersey. More importantly, Defendants have made no showing that resolution of this case in New Jersey would deprive them of a meaningful day in court. The fact that a party is located outside the forum state cannot alone render a forum selection clause unreasonable.

### B. Motion to Dismiss for Improper Venue

28 U.S.C. § 1391(a) provides that venue is proper in a district for an action based solely on diversity jurisdiction where (1) the defendant resides, (2) a substantial part of the events giving rise to the claim, or (3) the defendant is subject to personal jurisdiction. Like personal jurisdiction, parties may waive objections to venue. McCoy v. Siler, 205 F.2d 498, 499 (3d Cir. 1953).

---

[4] Defendants also contend that "if Gateway is forced to litigate in New Jersey," and Mr. Smith and Ms. Ferrell litigate in Louisiana, "this dispute may be waged in two forums, potentially creating different results in violation of the entire controversy doctrine." (Def.'s Br. Supp. Mot. Dismiss 4.) There is no risk of piecemeal litigation or inconsistent outcomes in this case because, as discussed previously, all Defendants in this case are subject to personal jurisdiction in New Jersey.

Here, Defendants waived any objections to venue in this Court under the forum selection clause in the Franchise Agreement.  See (Shiloh Aff., Ex. 3.)  As discussed in Point A regarding Defendants' Motion to Dismiss for lack of personal jurisdiction, the forum selection clause is valid and enforceable against all Defendants.  Therefore, venue is proper in this Court.

### C. Motion to Transfer

Defendant's request that this case be transferred to Louisiana is governed by 28 U.S.C. § 1404(a), which states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In assessing a request for transfer pursuant to that statute, "courts have not limited their consideration to the three factors enumerated in § 1401(a) (convenience of the parties, convenience of witnesses, or interests of justice)."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Rather, a court deciding whether to transfer venue must "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  Id. (quotations omitted).

The factors to be considered fall into two broad categories:  private interests and public interests.  Among the former are (1) the plaintiff's forum preference, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties indicated by their relative physical and financial condition, (5) the convenience of witnesses, and (6) the location of books and records relevant to the dispute.  Id.  The last two factors are not relevant unless the witnesses and/or records would be unavailable at trial in one of the two fora.  Id.  The public interests to be considered include (1) practical concerns that could reduce the time and expense necessary to resolve the claims at issue, (2) the relative administrative difficulty in the

13

two fora resulting from court congestion, (3) the local interest in deciding controversies at home, (4) the public policies of the fora, and (5) the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.  The court evaluating a motion for transfer enjoys "substantial flexibility" in assigning the relative weight accorded to each factor.  Lacey v. Cessna Aircraft Co., 862 F.2d 38, 44 (3d Cir. 1988).  No factor is dispositive.  Rather, "each case turns on its facts."  Id.; see also Lawrence v. Xerox Corp., 56 F. Supp.2d 442, 450 (D.N.J. 1999) ("A transfer analysis under Section 1404 is a flexible and individualized analysis which must be made on the unique facts presented in each case.").

Within the framework of the aforementioned private and public interest factors, "a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum."  Jumara, 55 F.3d at 880.  "Although the parties' agreement as to the most proper forum [does] not receive dispositive weight, it is entitled to substantial consideration.  Id. (citations omitted).

Century 21 correctly argues that the location of potential witnesses and documents are irrelevant to Defendants' Motion to Transfer because they fail to allege that these witnesses and documents cannot be presented in New Jersey.  See id. at 879.  Therefore, because the parties are split in their forum preferences, the remaining private interest to be considered in this case is where the claim arose.[5]

That interest weighs in favor of resolving this case in New Jersey, because Century 21's claims arise from the alleged failure to pay amounts due under the Franchise Agreement to the company in New Jersey.  To be sure, as Defendants note, "all revenue and fees [to be remitted to Century 21] arise from Gateway's operations in Louisiana."  (Def.'s Reply Br. Supp. Mot.

---

[5] There is no discussion of the parties' physical or financial condition in their motion papers.

14

Dismiss 13.) However, the bulk of events giving rise to Century 21's claims occurred in New Jersey, including (1) the preparation and execution of the Franchise Agreement, Guaranty, and 2008 Term Extension by Century 21 in New Jersey; (2) Defendants' reporting of transactions and submission of royalty payments and monthly contributions to Century 21 in New Jersey; and (3) Defendants' discussions with Century 21 representatives in New Jersey regarding outstanding balances. Therefore, the private interests in this case weigh in favor of New Jersey.

The public interests in this case, which Defendants do not directly address in their motion papers, also weigh in favor of New Jersey. While Louisiana may take some interest in this action because Gateway is based there, New Jersey has a more substantial interest in resolving a claim arising under a contract drafted in-state that is intended to be construed according to its laws. Accordingly, in light of the valid forum selection clause in the Franchise Agreement, coupled with the public and private interests weighing in favor of New Jersey, there is little doubt that New Jersey is the proper forum in which to resolve this case.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), and 12(b)(3), or in the alternative, transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.

The Court will enter an order implementing this opinion.


　　　　　　　　　　　　　　　　　　  /s/ Dickinson R. Debevoise          
　　　　　　　　　　　　　　　　　　DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: March 31, 2011